In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-00620-CV
____________

HORACIO BARRIOS, Appellant

V.

ENTERPRISE LEASING COMPANY OF HOUSTON, Appellee




On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 702,379




DISSENTING OPINION
          I respectfully dissent. The contract stated that Barrios “agrees to return car to
[Enterprise] in the same condition as received . . . ordinary wear and tear accepted
[sic].” The back of the contract stated as follows:
RENTER EXPRESSLY AGREES TO PAY TO OWNER ON
DEMAND:
* * * 
(I) Damage to rented car if Damage Waiver is not purchased or does not
apply.
 
DAMAGE TO RENTED CAR: Renter is responsible for and agrees to
pay to Owner the retail value of replacing and/or repairing all losses and
damages to the rented car including “loss of use” during the period it is
unavailable for rental use as measured by reasonable rental value of
renting a replacement car, regardless of fault or negligence by the
Renter or any person, and regardless if damages are a result of an act of
God. Owner offers and renter agrees to pay an additional fee for
DAMAGE WAIVER. . . . Renter’s insurance is primary. Damage
Waiver does not apply if the car is stolen . . . . 

(Emphasis added.)
          The majority dismisses the statute defining “Damage” in the context of a rental
car agreement. At the time the contract was signed, Texas Civil Statute Article 9026,
Section 3, provided as follows:
(4) “Damage” means any damage or loss to a rented vehicle, including
theft or loss of use and any cost and expense incident to that damage or
loss regardless of any negligence that might be involved in the damage
or loss. 
Tex. Rev. Civ. Stat. Ann. art. 9026, § 3(4).


 Therefore, under the contract, Barrios
“expressly agrees to pay” Enterprise the “Damage to rented Car,” which is defined
under the statute to include theft, regardless of any negligence. 
          Barrios contends that his summary judgment evidence, which included his
affidavit and his personal automobile insurance policy, established that any loss was
not his fault. In his affidavit, Barrios explained that he “did not intentionally damage
or lose or have stolen the vehicle” and that he had a valid Texas personal automobile
insurance policy during the rental period. He contends that an unnamed Enterprise
employee told him that his personal automobile insurance policy would cover any
loss. He argues that he relied on the employee’s verbal misrepresentations;
otherwise, he would have purchased additional insurance. However, Barrios’s
general denial asserted no affirmative defenses, such as estoppel, fraud, fraud in the
inducement, or avoidance. Because he did not plead these affirmative defenses,
Barrios has waived these issues. See Tex. R. Civ. P. 94.
          The majority states that the Enterprise agent’s verbal assurance “can reasonably
be interpreted as reassurance to a renter that he is insured against legal liability for
unintentional loss or damage to the vehicle, including loss of the vehicle, without the
necessity of buying additional insurance.” I disagree. The rental contract states,
“Texas Personal Auto Policies Cover Legal Liabilities for Loss or Damage, Except
Intentional, to Rented Vehicles.” There is no evidence in the record to show that
Barrios’s personal automobile insurance policy contained the type of comprehensive
coverage necessary to reimburse Barrios in the event the car was stolen. 
          The contract additionally stated, “Purchase of Optional Damage Waiver Which
Is Not Insurance May Not Be Necessary or Mandatory.” For an additional fee,
Enterprise offered an optional “damage waiver” which would relieve the renter of any
deductible on the renter’s policy and an additional amount. However, the contract
stated that the damage waiver “does not apply if the car is stolen.” Because the car
was stolen, therefore, the collision damage waiver would not have given Barrios any
additional protection or exclusion from the terms of the contract. 
          I would hold that the trial court did not err in rendering summary judgment for
Enterprise. Accordingly, I would affirm the judgment of the trial court.
 
 
                                                                        Adele Hedges
                                                                        Justice
 
Panel consists of Justices Hedges, Keyes, and Evans.




En banc consideration was requested. Tex. R. App. P. 41.2(c).

A majority of the Court voted for to grant banc consideration.

The en banc Court consists of Chief Justice Radack and Justices Hedges, Taft,
Nuchia, Jennings, Keyes, Alcala, Hanks, Higley, and Evans.

Justice Keyes, writing for the majority of the en banc Court, joined by Justices Taft,
Alcala, Higley, and Hanks.

Justice Evans, concurring.

Justice Hedges, dissenting, joined by Chief Justice Radack and Justices Nuchia and
Jennings.

Justice Jennings, dissenting.